[Cite as *In re Estate of Baughman*, 2020-Ohio-6928.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE | : | JUDGES: |
| OF: JOANNA BAUGHMAN | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| | : | |
| | : | Case No. 19CA0123 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2015-0272(A)

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            December 28, 2020

APPEARANCES:

For Appellant                        For Appellee

JAMES R. COOPER                      J. ANDREW CRAWFORD
33 West Main Street                  NATHANIEL H. HURST
P.O. Box 4190                        36 North Second Street
Newark, OH  43058-4190               P.O. Box 919
                                     Newark, OH  43058

*Wise, Earle, J.*

{¶ 1}  Appellant, Torry Baughman, appeals the November 18, 2019 judgment entry issued by the Court of Common Pleas of Licking County, Ohio, Probate Division, finding in favor of appellee and ordering him to pay $302,257.27 to his mother's estate. Appellee is Robbin Baughman, appellant's brother.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}  The decedent had four sons, appellant, appellee, Daren, and Kevin.  On October 30, 2009, she executed a durable general power of attorney naming appellant as her power of attorney.  In early 2011, she was diagnosed with dementia and Alzheimer's disease.  She passed away on May 24, 2014.  Appellant was named executor of her estate.  The decedent's last will and testament left the residuary of her estate in equal shares to her four children.

{¶ 3}  On April 17, 2015, appellee filed a petition for review of agent's conduct under the power of attorney pursuant to R.C. 1337.36.  On June 18, 2015, appellant resigned as executor and appellee was named as successor executor.

{¶ 4}  Hearings were held on August 21, and 22, 2018.  By decision and judgment entry filed November 1, and 18, 2019, respectively, the trial court found in favor of appellee and ordered appellant to pay $302,257.27 to the estate.  The trial court adopted and incorporated appellee's findings of fact and conclusions of law which were filed contemporaneously with the November 1, 2019 decision.

{¶ 5}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 6} "THE TRIAL COURT COMMITTED ERROR IN ITS JUDGMENT AND DECISION IN FAVOR OF APPELLEE FOLLOWING REVIEW OF APPELLEE'S PETITION TO REVIEW APPELLANT/AGENT'S CONDUCT UNDER POWER OF ATTORNEY AND BY FAILING TO CONSIDER EXONERATION ISSUES UNDER SECTION 1337.35 OF THE OHIO REVISED CODE."

I

{¶ 7} In his sole assignment of error, appellant claims the trial court erred in finding in favor of appellee and in failing to consider R.C. 1337.35. We disagree.

{¶ 8} R.C. 1337.34 sets out the duties of an agent under a power of attorney. The overall tenor of the statute is for an agent to act in the principal's best interest. An agent must act in good faith within the scope of authority granted under the power of attorney.

{¶ 9} In its November 1, 2019 decision, the trial court adopted and incorporated appellee's detailed and lengthy findings of fact and conclusions of law which were filed contemporaneously with the decision. The trial court listed numerous acts by appellant and found "[t]his conduct was tantamount to theft," "[t]his conduct was not legally or morally proper," "[t]here was clear dishonesty," "[t]here was clear recklessness," he improperly "co-mingled his funds with hers," "[h]e was not acting in her best interests," "[t]he respondent acknowledges that he was careless and exercised poor judgment in managing his mother's finances," his "conduct by both act and omission * * * was egregious," and "[h]e was completely indifferent to his responsibilities as set forth in the power-of-attorney which he acknowledges that he never read." In its November 18, 2019 judgment entry, the trial court ordered appellant to pay $302,257.27 to the estate.

{¶ 10} As stated by our colleagues from the Second District in *Cartwright v. Batner,* 2d Dist. Montgomery No. 25938, 2014-Ohio-2995, ¶ 20:

"Accounting issues and the award of damages that may appear to be necessary fall within the sound discretion of the trial court.  As a result, our review is for abuse of discretion."  *Schafer v. RMS Realty,* 138 Ohio App.3d 244, 300, 741 N.E.2d 155 (2d Dist.2000), citing *Sandusky Properties v. Aveni,* 15 Ohio St.3d 273, 274-275, 473 N.E.2d 798 (1984). "This means we will affirm unless we find the trial court's attitude 'unreasonable, arbitrary or unconscionable.' "  *Id.,* quoting *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).  "Decisions are unreasonable if they are not supported by a sound reasoning process." *Id.*

{¶ 11} We find the trial court's findings and conclusions to be amply supported in the record through the testimony and the numerous exhibits admitted into evidence.  T. at 25-28, 40-41, 48, 67-71, 75-80, 84-85, 89-93, 95-98, 102, 109-112, 115-117, 120, 124-130, 147, 159, 173, 178, 181-182, 188-191, 206-207, 212-216, 355-356, 384-385, 391-392.

{¶ 12} Appellant argues the trial court failed to consider R.C. 1337.35 which governs exoneration of an agent.  Said statute states the following:

A provision in a power of attorney relieving an agent of liability for breach of duty is binding on the principal and the principal's successors in interest except to the extent that either of the following applies:

(A) The provision relieves the agent of liability for breach of duty committed dishonestly, with an improper motive, or with reckless indifference to the purposes of the power of attorney or the best interest of the principal.

(B) The provision was inserted as a result of an abuse of a confidential or fiduciary relationship with the principal.

{¶ 13} In his appellate brief at 7, appellant admits the subject power of attorney did not contain an exoneration clause, but argues "the broad language of the power of attorney, coupled with the past and ongoing relationship of mother and son, raises exoneration issues with respect to the agent's handling of affairs which the trial court did not consider." We disagree. The power of attorney does not contain an exoneration clause and does not imply one. Even if an exoneration clause was explicitly included, there is ample evidence in the record to support a finding that appellant's conduct "falls outside the scope of any such clause." Appellee's Brief at 7; R.C. 1337.35(A).

{¶ 14} Upon review, we find the trial court did not abuse its discretion in finding in favor of appellee.

{¶ 15} The sole assignment of error is denied.

{¶ 16} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Baldwin, J. concur.


EEW/db